UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIZABETH MORATH,

                Plaintiff,

     -against-

METROPOLITAN RECOVERY SERVICE, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,
                Defendant.

----------------------------------------------------------------X

***CLASS ACTION COMPLAINT***

07CV11081

     Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, Metropolitan Recovery Service Inc., et al., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Tonawanda, New York.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Rochester, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS**

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff to Enviro-Tech, Inc.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. The defendant sent an initial collection letter to the plaintiff dated October 17, 2007. A copy is attached hereto and made part hereof.

9. Plaintiff received said letter.

10. Said letter fails to include proper notices regarding the consumers' rights and validation language as per the requirements of the FDCPA.

11. That the mass-produced computer generated letters introduced the defendant as a professional collection agency representing the creditor emphasizes in large bold and highlighted print;

    "**AMOUNT DUE IMMEDIATELY: $603.93**"

12. Said letter further states in pertinent part :

    "**Our client has authorized us to pursue this matter to the fullest extent of the law and we intend to fulfill that responsibility if your account is not *immediately paid in full*.**"

13. Said letter further threatens the consumer by stating:

**"You may avoid further action by sending a check or money order in the above amount, payable to METROPOLITAN COLLECTION AGENCY, within seven (7) days of your receipt of this letter."**

14. Said letter further also contains a "bottom portion" which is intended to be sent back with payment and contains mailing information.
15. That plaintiff returned said "bottom portion" back to the Defendant advising the defendant that the debt is in dispute.
16. That Defendant sent a second dunning notice dated October 31, 2007. A copy is attached hereto and made part hereof.
17. Said letter similarly states that the amount due "immediately" and further threatens:

**"*INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN YEARS*"**

18. Said letter further states:

    "**Since you have failed to respond to our previous letter legally, we will be preparing to report this collection account to our credit reporting agency's in TEN (10) days from the above date. As a direct consequence, this debt will be recorded on your personal credit record for a period of up to seven (7) years. All accounts that are $1.00 and greater are reported to all three credit repository's. Many banks and other credit grantors use credit records in approving credit cards, car loans, mortgages, student loans, and other forms of personal credit.**"

19. Said letter continues to falsely threaten and overshadow the consumers rights by stating:

**"To avoid the recording of this collection account which will affect your credit worthiness, we strongly recommend that you send your payment today."**

20. Defendant sent a third dunning notice, within the consumers' initial 30 day dispute period and without regard for the plaintiff's dispute, dated November 14, 2007. A copy of said letter is attached hereto and made part hereof.
21. Said letter repeats the threats contained in the first two dunning letters and adds the following:

**"You have ignored our previous written demands to pay the above referenced debt. As a consequence, you are hereby advised that if payment is not received in our office, or if you fail to contact this office within SEVEN (7) DAY'S [*sic*] from the date of this notification, this debt will appear on your personal credit file for the next SEVEN (7) YEARS."**

22. Said letter continues in explaining the various possibilities of difficulty the consumer will encounter when her credit is reported, including but not limited to banks, lending institutions, student loans apartment rentals and the like.
23. Said letter(s) violates the consumers rights in that it fails to properly advise the consumer of her rights, demanding immediate payment of a disputed debt within the initial dispute period, it persists with false threats of legal action and credit reporting without acknowledgment of the dispute as required by law.
24. Upon information and belief, said letters are computer generated by the defendant and disregard the 30 day dispute period provided to the consumer by law persisting with deceptive language, false statements and threats of legal action that can not legally be

      taken or that are not actually intended to be taken and are designed to coerce payment under duress.

25. That said letters alone and or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

26. That the defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts.

27. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

28. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

29. The first cause of action is brought on behalf of plaintiff and the members of a class.

30. The class consists of consumers who received the same form letter, as did the plaintiff.

31. The Class consists of all persons whom Defendant's records reflect resided in the state of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about October 17, 2007

and subsequent letters within a 30 day period, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats of legal action and deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights, 1692e for making false and deceptive statements and threatening legal action that can not legally be taken or is not actually intended to be taken, and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

32. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A)   Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

   (B)   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

   (C)   The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)     The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

33. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

   (a)     Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

   (b)     Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

  (c)  Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

  (d)  Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

  (a)  Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

  (b)  Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

  (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d)  For such other and further relief as may be just and proper.

Dated: New York, New York
   November 29, 2007

            _____
            Amir J. Goldstein, Esq. (AG-2888)
            **Attorney for the Plaintiff**
            591 Broadway, #3A
            New York, New York 11012
            (212) 966- 5253 phone
            (212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

            _____
            Amir J. Goldstein  (AG-2888)