UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH MORATH,

                            Plaintiff,

       -vs-

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

                            Defendant.

_____

**NOTICE OF MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF NEW YORK**

Case No. 07-CV-11081

**PLEASE TAKE NOTICE** that based upon the February 11, 2008 Declaration of Glenn M. Fjermedal, Esq. and the exhibits attached thereto, and the accompanying Memorandum of Law, Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency, by and through its attorneys, Lacy Katzen LLP, will move this Court at a date and time to be determined by the Court for an Order pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(3) and 28 U.S.C. § 1406 transferring venue of this case to the Western District of New York, plus such other and further relief as to the Court may seem just, proper and equitable, including the costs and disbursements of this motion.

**PLEASE TAKE FUTHER NOTICE** that the moving party intends to file and serve reply papers.  The opposing party therefore is required to file and serve opposing papers at least eight (8) business days prior to the return date of this motion.

Dated: February 11, 2008

LACY KATZEN LLP


/s/: Glenn M. Fjermedal
Glenn M. Fjermedal, Esq.
Attorneys for Defendant
Office and Post Office Address
130 East Main Street
Rochester, New York  14604-1686
Telephone:  (585) 454-5650


TO:    Amir J. Goldstein, Esq. (AG-2888)
       591 Broadway, Suite 3A
       New York, New York 10012
       (212) 966-5253

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

ELIZABETH MORATH,

**DECLARATION IN SUPPORT
OF MOTION TO TRANSFER
VENUE**

                                        Plaintiff,

                -vs-

METROPOLITAN RECOVERY SERVICE, INC.,            Case No. 07-CV-11081
d/b/a METROPOLITAN COLLECTION AGENCY,

                                        Defendant.
———————————————————————

        Glenn M. Fjermedal, Esq., declares under penalty of perjury the following:

        1.      I am an attorney at law duly admitted to practice before the Courts of the State of

New York, as well as all of the United States District Courts in the State of New York.  I am a

member of the firm of Lacy Katzen LLP, attorneys for Defendant, Metropolitan Recovery

Service, Inc., d/b/a Metropolitan Collection Agency ("Metropolitan").  I am familiar with the

facts and circumstances of this case and make this affirmation in support of Metropolitan's

motion to transfer venue to the Western District of New York pursuant to Federal Rules of Civil

Procedure ("FRCP") Rule 12(b)(3) and 28 U.S.C. § 1406.

        2.      Metropolitan incorporates into this motion the Plaintiff's Complaint, a true copy

of which is attached hereto as Exhibit "A".  Metropolitan has interposed its Answer objecting to

the venue of the Southern District of New York, a true copy of which attached hereto as Exhibit

"B".

        3.      In paragraphs 2 and 3 of Plaintiff's Complaint, Plaintiff concedes that venue in

the Western District of New York is appropriate. More specifically, the Plaintiff alleges that the

Defendant's collection agency, a two person collection agency with its sole office in Rochester,

New York, sent a series of collection letters to the Plaintiff's residence in Tonawanda, New York with respect to the collection of a debt owed to a creditor, Enviro-Tech, Inc. (which I also believe resides and does business in the Western District of New York). (See, Exhibit "A").

4.     All of the parties and events involving the underlying claim occurred within the Western District of New York. Accordingly, venue in the Southern District of New York is improper and respectfully should be transferred to the Western District of New York.

Dated: February 11, 2008

/s/: Glenn M. Fjermedal
Glenn M. Fjermedal, Esq.
Attorneys for Defendant
Metropolitan Recovery services, Inc.
d/b/a Metropolitan Collection Agency
Office and Post Office Address
130 East Main Street
Rochester, New York  14604-1686
Telephone:  (585) 454-5650

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ELIZABETH MORATH,

                                    Plaintiff,

                    -against-

METROPOLITAN RECOVERY SERVICE, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,
                                    Defendant.

-------------------------------------------------------------X

JUDGE COTE

07  CV  11081

**CLASS ACTION
COMPLAINT**

RECEIVED
DEC 0 7 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, Metropolitan Recovery Service Inc., et al., alleges as follows:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2.    Plaintiff is a natural person residing in Tonawanda, New York.

3.    Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Rochester, New York.

## JURISDICTION

4.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5.    Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.    That a personal debt was allegedly incurred by the plaintiff to Enviro-Tech, Inc.

7.    That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8.    The defendant sent an initial collection letter to the plaintiff dated October 17, 2007. A copy is attached hereto and made part hereof.

9.    Plaintiff received said letter.

10.    Said letter fails to include proper notices regarding the consumers' rights and validation language as per the requirements of the FDCPA.

11.    That the mass-produced computer generated letters introduced the defendant as a professional collection agency representing the creditor emphasizes in large bold and highlighted print;

### "AMOUNT DUE IMMEDIATELY: $603.93"

12.    Said letter further states in pertinent part :

**"Our client has authorized us to pursue this matter to the fullest extent of the law and we intend to fulfill that responsibility if your account is not *immediately paid in full.*"**

13.    Said letter further threatens the consumer by stating:

"You may avoid further action by sending a check or money order in the above amount, payable to METROPOLITAN COLLECTION AGENCY, within seven (7) days of your receipt of this letter."

14. Said letter further also contains a "bottom portion" which is intended to be sent back with payment and contains mailing information.

15. That plaintiff returned said "bottom portion" back to the Defendant advising the defendant that the debt is in dispute.

16. That Defendant sent a second dunning notice dated October 31, 2007. A copy is attached hereto and made part hereof.

17. Said letter similarly states that the amount due "immediately" and further threatens:

"*INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN YEARS*"

18. Said letter further states:

"Since you have failed to respond to our previous letter legally, we will be preparing to report this collection account to our credit reporting agency's in TEN (10) days from the above date. As a direct consequence, this debt will be recorded on your personal credit record for a period of up to seven (7) years. All accounts that are $1.00 and greater are reported to all three credit repository's. Many banks and other credit grantors use credit records in approving credit cards, car loans, mortgages, student loans, and other forms of personal credit."

19. Said letter continues to falsely threaten and overshadow the consumers rights by stating:

"To avoid the recording of this collection account which will affect your credit worthiness, we strongly recommend that you send your payment today."

20.    Defendant sent a third dunning notice, within the consumers' initial 30 day dispute period and without regard for the plaintiff's dispute, dated November 14, 2007. A copy of said letter is attached hereto and made part hereof.

21.    Said letter repeats the threats contained in the first two dunning letters and adds the following:

"You have ignored our previous written demands to pay the above referenced debt. As a consequence, you are hereby advised that if payment is not received in our office, or if you fail to contact this office within SEVEN (7) DAY'S [sic] from the date of this notification, this debt will appear on your personal credit file for the next SEVEN (7) YEARS."

22.    Said letter continues in explaining the various possibilities of difficulty the consumer will encounter when her credit is reported, including but not limited to banks, lending institutions, student loans apartment rentals and the like.

23.    Said letter(s) violates the consumers rights in that it fails to properly advise the consumer of her rights, demanding immediate payment of a disputed debt within the initial dispute period, it persists with false threats of legal action and credit reporting without acknowledgment of the dispute as required by law.

24.    Upon information and belief, said letters are computer generated by the defendant and disregard the 30 day dispute period provided to the consumer by law persisting with deceptive language, false statements and threats of legal action that can not legally be

taken or that are not actually intended to be taken and are designed to coerce payment under duress.

25.     That said letters alone and or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

26.     That the defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts.

27.     Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

28.     That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

29.     The first cause of action is brought on behalf of plaintiff and the members of a class.

30.     The class consists of consumers who received the same form letter, as did the plaintiff.

31.     The Class consists of all persons whom Defendant's records reflect resided in the state of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about October 17, 2007

and subsequent letters within a 30 day period, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats of legal action and deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights, 1692e for making false and deceptive statements and threatening legal action that can not legally be taken or is not actually intended to be taken, and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

32.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)  Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

(B)  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C)  The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)    The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

33.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

34.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

36.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:(g), (e), (d) and (f)

(a)    Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in attempt to collect a debt;

(b)    Defendant violated 15 U.S.C. § 1692e by using false representations and deceptive means in an attempt to collect a debt;

(c)    Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

(d)    Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)    Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

(b)    Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)    For such other and further relief as may be just and proper.

Dated: New York, New York
       November 29, 2007

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein  (AG-2888)

2007-11-02    13:55    7168315990.. 1.0    INSTALLED Sales 1*83    P 2/3

METROPOLITAN COLLECTION AGENCY
P.O. Box 18637
Rochester, New York 14618

COLLECTIONS

CREDIT REPORTING

Date: 17 OCT 2007

Ms Liz Morath
698 Fries Rd
Tonawanda, NY 14150

RE: Enviro-Tech, Inc
AMOUNT IMMEDIATELY DUE: $603.93

Dear Ms. Morath:

This Collection Agency/Credit Reporting Company has been retained by the above referenced creditor in regards to your seriously past due account. The total amount required to satisfy your debt is noted above.

Our client has authorized us to pursue this matter to the fullest extent of the law and we intend to fulfill that responsibility if your account is not immediately paid in full. You may avoid further action by sending a check or money order in the above amount, payable to METROPOLITAN COLLECTION AGENCY, within seven (7) days of your receipt of this letter.

In order that you receive proper credit for your payment, it is imperative that you return the statement below with your payment, and that your check or money order is payable to METROPOLITAN COLLECTION AGENCY.

If you have any questions regarding this matter, you must notify us in writing of those questions. ALL DISPUTES MUST BE IN WRITTEN FORM. ALL COMMUNICATION TO US MUST BE IN WRITTEN FORM TO THE PO BOX ADDRESS ABOVE.

METROPOLITAN COLLECTION AGENCY
P.O. Box 18637
Rochester, New York 14618

COLLECTIONS                (585) 256 1110              CREDIT REPORTING
                    TOLL FREE (800) 716-0076

Date: 31 OCT 2007

Ms Liz Morath
698 Fries Rd
Tonawanda, NY 14150

RE: Enviro Tech, Inc $603.93
    <u>Amount Immediately Due: $603.93</u>

*INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN (7) YEARS*

Dear Ms. Morath:

Since you failed to respond to our previous letter legally, we
will be preparing to report this collection account to our credit
reporting agency's in TEN (10) days from the above date. As a
direct consequence, this debt will be recorded on your personal
credit record where it will remain for a period of up to seven (7)
years. All accounts that are $1.00 and greater are reported to all
three credit repository's. Many banks and other credit grantors
use credit records in approving credit cards, car loans,
mortgages, student loans, and other forms of personal credit.

To avoid the recording of this collection account which will
affect your credit worthiness, we strongly recommend that you
send your payment today. Please use the statement below and make
your check payable to METROPOLITAN COLLECTION AGENCY.

Sincerely,

METROPOLITAN COLLECTION AGENCY

Metropolitan Collection Agency          Account Number: 84415
P.O. Box 18637
Rochester, NY 14618                     Amount Now Due: $603.93

To insure that you receive proper credit with your payments,
detach and enclose this statement with your check or money order
payable to METROPOLITAN COLLECTION AGENCY. This is an attempt to
collect a debt. Any information obtained will be used for that
purpose.

METROPOLITAN COLLECTION AGENCY
P.O. Box 18637
Rochester, New York 14618

COLLECTIONS                    (585) 256-1110              CREDIT REPORTING
                          TOLL FREE (800) 716-0076

Date: 14 NOV 2007

Ms Elizabeth Morath
698 Fries Rd
Tonawanda, NY 14150

RE: Enviro-Tech, Inc $603.93
    AMOUNT IMMEDIATELY DUE: $603.93
    *INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN (7) YEARS*

Dear Ms. Morath:

You have ignored our previous written demands to pay the above
referenced debt. As a consequence, you are hereby advised that if
payment is not received in our office, or if you fail to contact
this office within SEVEN (7) DAY'S from the date of this
notification, this debt will appear on your personal credit file for
the next SEVEN (7) YEARS.

Practically every lending institution inquires into your personal
credit history before making any loan decisions. As a result, it
will be difficult to obtain any of the following forms of credit
when you should need it:

**Personal loans with banks/finance institutions.  **Credit Cards.
**Any/All types of automobile loans.   **Student Loans of all types.
**Mortgages/Apartment approvals through banks and landlords.
**And any other forms of extending you personal credit.

We look forward to a prompt resolution to this matter.

Sincerely,

METROPOLITAN COLLECTION AGENCY
____  _____  _____      _____  _____  __
METROPOLITAN COLLECTION AGENCY          Account Number: 84415
P.O. Box 18637
Rochester, NY 14618           Amount Immediately Due: $603.93
To insure that you receive proper credit with your payments, detach
and enclose this bottom portion with your check or money order
PAYABLE TO METROPOLITAN COLLECTION AGENCY. This is an attempt to
collect a debt. Any information obtained will be used for that
purpose.

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH MORATH,

Plaintiff,

-vs-

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

Defendant.

**VERIFIED ANSWER**

Case No. 07-CV-11081

---

Defendant, METROPOLITAN RECOVERY SERVICES, INC., d/b/a METROPOLITAN COLLECTION AGENCY, ("Metropolitan"), by and through its attorneys, LACY KATZEN LLP, for its Answer to the Complaint, alleges as follows:

1. In response to the allegations contained in paragraph 1of Plaintiff's Complaint, admits that the Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA") as alleged, but denies that the Plaintiff has any such claim against the Defendant, or has stated one within the Complaint.

2. Admits to the allegations in paragraph 2 of the Complaint that the Plaintiff is a natural person and otherwise denies knowledge or information sufficient to form a belief as to the residency of the Plaintiff.

3. Admits the allegations in paragraph 3 of the Complaint that Defendant is a corporation which is in the business of debt collection, otherwise denies knowledge or information sufficient to form a belief as to whether Defendant is a "debt collector" as defined by

15 U.S.C. § 1692a(6) which constitutes a legal conclusion of the pleader to which no response is necessary.

4.      In response to the allegations contained in paragraph 4 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, admit that jurisdiction is proper but that venue of this Court is improper and should be transferred to the Western District of New York and otherwise deny the remaining allegations in this paragraph of the Complaint.

5.      In response to the allegations contained in paragraph 5 of the Complaint, repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

6.      Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 6 of the Complaint which is in the purview of Enviro-Tech, Inc.

7.      Admits that the subject debt was placed with Metropolitan to collect upon and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations pertaining to the subject debt or its default as alleged in paragraph 7 of the Complaint.

8.      Admits the allegations contained in paragraph 8 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for themselves.

9.      Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 9 of the Complaint.

10.     In response to the allegations contained in paragraph 10 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, deny such allegations.

11.    Admits the allegations contained in paragraph 11 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

12.    Admits the allegations contained in paragraph 12 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

13.    Admits the allegations contained in paragraph 13 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

14.    Admits the allegations contained in paragraph 14 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 15 of the Complaint.

16.    Admits the allegations contained in paragraph 16 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

17.    Admits the allegations contained in paragraph 17 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

18.    Admits the allegations contained in paragraph 18 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

19.    Admits the allegations contained in paragraph 19 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

20.    Admits the allegations contained in paragraph 20 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

21.    Admits the allegations contained in paragraph 21 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

22.    Admits the allegations contained in paragraph 22 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

23.    Admits the allegations contained in paragraph 23 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

24.    Denies the allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 31, 32 and 33 of the Complaint.

25.    In response to the allegations contained in paragraphs 34 and 35 of the Complaint, Defendant contends that this is a statement or definition and not an allegation to which a response is required.

26.    Denies the allegations contained in paragraph 36 of the Complaint.

27.    Denies the allegations contained in the WHEREFORE clause of the Complaint.

28.    Denies all those allegations contained in Plaintiff's Complaint not expressly admitted, denied or otherwise responded to herein.

## AS FOR A FIRST AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

31.    Repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as though set forth in full herein.

32.    Plaintiff fails to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

## AS FOR A SECOND AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

33.    Repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as if set forth in full herein.

34.    Plaintiff has failed to state a claim for actual damages in accordance with 15 USC §1692k.

## AS FOR A THIRD AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

35.    Repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as if set forth in full herein.

36.    Plaintiff failed to mitigate damages, if any.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

37.    Repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if set forth in full herein.

38.    Metropolitan made all appropriate FDCPA disclosures to the Plaintiff including identifying itself as a debt collector for the subject debt.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

39.     Repeats and realleges each and every allegation contained in paragraphs 1 through 38 above as if set forth in full herein.

40.     The Plaintiff initiated suit in the wrong venue, which should be in the United States District Court for the Western District of New York.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

41.     Repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as if set forth in full herein.

42.     The Plaintiff's action should not be entitled to class certification as the members of the class have factually distinctive claims which bar such certification.

## AS FOR AN SEVENTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

43.     Repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as if set forth in full herein.

44.     In a worst case scenario, the Plaintiff's damages are limited to 1% of the net value of the Defendant which is a two person collection agency with one principal member which has *de minimis* net value.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed, Defendant's reasonable attorney's fees and costs and for such other and further relief which to the Court may seem just and proper.


DATED: February 11, 2008
         Rochester, New York


                                        _____
                                        Glenn M. Fjermedal, Esq.
                                        LACY KATZEN LLP
                                        Attorneys for Defendant
                                        Office and Post Office Address
                                        130 East Main Street
                                        Rochester, New York  14604-1686
                                        Telephone:  (585) 454-5650

**VERIFICATION OF ANSWER AND CERTIFICATION BY DEFENDANT**

Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency, by and through its President, Richard Goldman, affirms the following statements are true and correct under penalties of perjury:

1. I am the President of Defendant, Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency in this civil proceeding.

2. I have read the above-entitled civil Answer prepared by Glenn M. Fjermedal, Esq. and believe that all of the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Answer is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Answer is not interposed for any improper purpose.

5. I have filed this civil Answer in good faith and solely for the purposes set forth in it.

Dated: February 6, 2008

RICHARD GOLDMAN
President
Metropolitan Recovery Services,

Inc.,

d/b/a Metropolitan Collection
Agency

Glenn M. Fjermedal, Esq.
Lacy Katzen LLP
130 East Main Street
Rochester, New York 14604
(585) 324-5741
Attorneys for Defendant Metropolitan Recovery Services, Inc.
d/b/a Metropolitan Collection Agency

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH MORATH,

               Plaintiff,

          -vs-

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

               Defendant.
_____

**MEMORANDUM OF
LAW IN SUPPORT
OF DEFENDANT'S MOTION
TO CHANGE VENUE**

Case No. 07-CV-11081

       This motion is made pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(3) and 28 U.S.C. § 1406 to transfer venue of the above-captioned matter involving alleged violations of the Fair Debt Collection Practices Act ("FDCPA").  A recitation of file facts are more fully set forth in the Declaration of Glenn M. Fjermedal in Support of Defendant's Motion to Transfer Venue ("Fjermedal Decl.").

## DEFAULT JUDGMENT SHOULD BE OPENED
## PURSUANT TO FRCP 60(b)(1)

Once a defendant has objected to venue under FRCP Rule 12(b)(3), the court has the power to dismiss or transfer the case, and the plaintiff carries the burden of showing that venue is proper. *See* ZPC 2000, Inc. v. The SCA Group, Inc., 86 F.Supp.2d 274, 276 (S.D.N.Y., 2000). 28 U.S.C. § 1406(a) provides, in part, that "[t]he district court of a district in which is filed a case laying venue in the wrong . . .district shall dismiss[] or . . . transfer such case to any district . . . in which it could have been brought"

(1) A judicial district where any defendant resides, if all defendants reside in the same state,

(2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or

(3) A judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This Court previously ruled in Brown v. Rochester Super 8 Motel, 899 F.Supp. 151 (S.D.N.Y., 1995) that the transfer from the Southern District of New York to Western District was appropriate since the residence of all the defendants and all events leading up to the underlying claim occurred in the Western District. Not only does the Defendant, Metropolitan, reside in the Western District, the Plaintiff also resides in that district. Moreover, the disputed collection letters at issue were sent within the Western District to Plaintiff's Tonawanda, New York residence. To conclude, the only connection to the Southern District is Plaintiff's counsel's office is located near this Honorable Court's steps. Accordingly, the Defendant requests that this Court transfer this matter to the Western District where it rightfully belongs.

**WHEREFORE**, Defendant moves that this Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: February 11, 2008
        Rochester, New York

                                LACY KATZEN LLP
                                Attorneys for Defendant
                                Metropolitan Recovery Service, Inc. d/b/a
                                Metropolitan Collection Agency


                                /s/: Glenn M. Fjermedal
                                Glenn M. Fjermedal, Esq.
                                Office and Post Office Address
                                The Granite Building
                                130 East Main Street
                                Rochester, New York  14604-1686
                                Telephone:  (585) 454-5650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————

ELIZABETH MORATH,

                              Plaintiff,

        -vs-

                                                    Case No. 07-CV-11081

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

                              Defendant.
—————————————————————————

STATE OF NEW YORK)
COUNTY OF MONROE)

                        AFFIDAVIT OF SERVICE

              I, Gregory J. Gillette, being sworn say:

I am not a party to this action, am over 18 years of age and reside at Rochester, New York.  On

February 12, 2008 I served the **MOTION TO TRANSFER VENUE AND SUPPORTING**

**DOCUMENTS** by depositing true copies thereof, enclosed in a post-paid wrapper, in an official

depository under the exclusive care and custody of United States Postal Service within New York

State, addressed to each of the following persons at the last known address set forth after each name.

(See attached list)


                                        /s/: Gregory J. Gillette
                                        GREGORY J. GILLETTE

Sworn to before me this
12th day of February, 2008.

/s/: Victoria R. Billups
Notary Public


Amir J. Goldstein, Esq.
591 Broadway, Suite 3A
New York, New York 10012