UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH MORATH,

                      Plaintiff,

     -vs-

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

                      Defendant.
_____

**VERIFIED ANSWER**

Case No. 07-CV-11081

      Defendant, METROPOLITAN RECOVERY SERVICES, INC., d/b/a METROPOLITAN COLLECTION AGENCY, ("Metropolitan"), by and through its attorneys, LACY KATZEN LLP, for its Answer to the Complaint, alleges as follows:

      1.    In response to the allegations contained in paragraph 1 of Plaintiff's Complaint, admits that the Plaintiff purports to bring this action under the Fair Debt Collection Practices Act ("FDCPA") as alleged, but denies that the Plaintiff has any such claim against the Defendant, or has stated one within the Complaint.

      2.    Admits to the allegations in paragraph 2 of the Complaint that the Plaintiff is a natural person and otherwise denies knowledge or information sufficient to form a belief as to the residency of the Plaintiff.

      3.    Admits the allegations in paragraph 3 of the Complaint that Defendant is a corporation which is in the business of debt collection, otherwise denies knowledge or information sufficient to form a belief as to whether Defendant is a "debt collector" as defined by

15 U.S.C. § 1692a(6) which constitutes a legal conclusion of the pleader to which no response is necessary.

4. In response to the allegations contained in paragraph 4 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, admit that jurisdiction is proper but that venue of this Court is improper and should be transferred to the Western District of New York and otherwise deny the remaining allegations in this paragraph of the Complaint.

5. In response to the allegations contained in paragraph 5 of the Complaint, repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

6. Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 6 of the Complaint which is in the purview of Enviro-Tech, Inc.

7. Admits that the subject debt was placed with Metropolitan to collect upon and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations pertaining to the subject debt or its default as alleged in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for themselves.

9. Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 9 of the Complaint.

10. In response to the allegations contained in paragraph 10 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, deny such allegations.

11. Admits the allegations contained in paragraph 11 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

12. Admits the allegations contained in paragraph 12 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

13. Admits the allegations contained in paragraph 13 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

14. Admits the allegations contained in paragraph 14 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 15 of the Complaint.

16. Admits the allegations contained in paragraph 16 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

17. Admits the allegations contained in paragraph 17 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

18. Admits the allegations contained in paragraph 18 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

19. Admits the allegations contained in paragraph 19 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

20. Admits the allegations contained in paragraph 20 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

21. Admits the allegations contained in paragraph 21 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

22. Admits the allegations contained in paragraph 22 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

23. Admits the allegations contained in paragraph 23 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

24. Denies the allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 31, 32 and 33 of the Complaint.

25. In response to the allegations contained in paragraphs 34 and 35 of the Complaint, Defendant contends that this is a statement or definition and not an allegation to which a response is required.

26. Denies the allegations contained in paragraph 36 of the Complaint.

27. Denies the allegations contained in the WHEREFORE clause of the Complaint.

28. Denies all those allegations contained in Plaintiff's Complaint not expressly admitted, denied or otherwise responded to herein.

### AS FOR A FIRST AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

31. Repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as though set forth in full herein.

32. Plaintiff fails to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

### AS FOR A SECOND AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

33. Repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as if set forth in full herein.

34. Plaintiff has failed to state a claim for actual damages in accordance with 15 USC §1692k.

### AS FOR A THIRD AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

35. Repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as if set forth in full herein.

36. Plaintiff failed to mitigate damages, if any.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

37. Repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if set forth in full herein.

38. Metropolitan made all appropriate FDCPA disclosures to the Plaintiff including identifying itself as a debt collector for the subject debt.

### AS FOR A FIFTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

39. Repeats and realleges each and every allegation contained in paragraphs 1 through 38 above as if set forth in full herein.

40. The Plaintiff initiated suit in the wrong venue, which should be in the United States District Court for the Western District of New York.

### AS FOR A SIXTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

41. Repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as if set forth in full herein.

42. The Plaintiff's action should not be entitled to class certification as the members of the class have factually distinctive claims which bar such certification.

### AS FOR AN SEVENTH AFFIRMATIVE DEFENSE
### ON BEHALF OF DEFENDANT:

43. Repeats and realleges each and every allegation contained in paragraphs 1 through 42 above as if set forth in full herein.

44. In a worst case scenario, the Plaintiff's damages are limited to 1% of the net value of the Defendant which is a two person collection agency with one principal member which has *de minimis* net value.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed, Defendant's reasonable attorney's fees and costs and for such other and further relief which to the Court may seem just and proper.

DATED: February 11, 2008
       Rochester, New York

                              /s/: Glenn M. Fjermedal
                              Glenn M. Fjermedal, Esq.
                              LACY KATZEN LLP
                              Attorneys for Defendant
                              Office and Post Office Address
                              130 East Main Street
                              Rochester, New York  14604-1686
                              Telephone:  (585) 454-5650

## VERIFICATION OF ANSWER AND CERTIFICATION BY DEFENDANT

Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency, by and through its President, Richard Goldman, affirms the following statements are true and correct under penalties of perjury:

1. I am the President of Defendant, Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency in this civil proceeding.

2. I have read the above-entitled civil Answer prepared by Glenn M. Fjermedal, Esq. and believe that all of the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Answer is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Answer is not interposed for any improper purpose.

5. I have filed this civil Answer in good faith and solely for the purposes set forth in it.

Dated: February 6, 2008

/s/: Richard Goldman
RICHARD GOLDMAN
President
Metropolitan Recovery Services, Inc.,
d/b/a Metropolitan Collection Agency

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

ELIZABETH MORATH,

                        Plaintiff,

   -vs-
                                              Case No. 07-CV-11081

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

                        Defendant.
───────────────────────────────────────────────

STATE OF NEW YORK)
COUNTY OF MONROE)          AFFIDAVIT OF SERVICE

       I, Gregory J. Gillette, being sworn say:

I am not a party to this action, am over 18 years of age and reside at Rochester, New York.  On February 12, 2008 I served the **VERIFIED ANSWER** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name.  (See attached list)

                                         /s/: Gregory J. Gillette
                                         GREGORY J. GILLETTE

Sworn to before me this
12th day of February, 2008.

/s/: Victoria R. Billups
Notary Public


Amir J. Goldstein, Esq.
591 Broadway, Suite 3A
New York, New York 10012