Glenn M. Fjermedal, Esq.
Lacy Katzen LLP
130 East Main Street
Rochester, New York 14604
(585) 324-5741
Attorneys for Defendant Metropolitan Recovery Services, Inc.
d/b/a Metropolitan Collection Agency

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH MORATH,

               Plaintiff,

       -vs-

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

               Defendant.
_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CHANGE VENUE**

Case No. 07-CV-11081

       This motion is made pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(3) and 28 U.S.C. § 1406 to transfer venue of the above-captioned matter involving alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). A recitation of file facts are more fully set forth in the Declaration of Glenn M. Fjermedal in Support of Defendant's Motion to Transfer Venue ("Fjermedal Decl.").

## DEFAULT JUDGMENT SHOULD BE OPENED
## PURSUANT TO FRCP 60(b)(1)

Once a defendant has objected to venue under FRCP Rule 12(b)(3), the court has the power to dismiss or transfer the case, and the plaintiff carries the burden of showing that venue is proper.  *See* ZPC 2000, Inc. v. The SCA Group, Inc., 86 F.Supp.2d 274, 276 (S.D.N.Y., 2000).  28 U.S.C. § 1406(a) provides, in part, that "[t]he district court of a district in which is filed a case laying venue in the wrong . . .district shall dismiss[] or . . . transfer such case to any district . . . in which it could have been brought"

> (1) A judicial district where any defendant resides, if all defendants reside in the same state,
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or
>
> (3) A judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This Court previously ruled in Brown v. Rochester Super 8 Motel, 899 F.Supp. 151 (S.D.N.Y., 1995) that the transfer from the Southern District of New York to Western District was appropriate since the residence of all the defendants and all events leading up to the underlying claim occurred in the Western District.  Not only does the Defendant, Metropolitan, reside in the Western District, the Plaintiff also resides in that district.  Moreover, the disputed collection letters at issue were sent within the Western District to Plaintiff's Tonawanda, New York residence.  To conclude, the only connection to the Southern District is Plaintiff's counsel's office is located near this Honorable Court's steps.  Accordingly, the Defendant requests that this Court transfer this matter to the Western District where it rightfully belongs.

**WHEREFORE**, Defendant moves that this Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: February 11, 2008
      Rochester, New York

                                      LACY KATZEN LLP
                                      Attorneys for Defendant
                                      Metropolitan Recovery Service, Inc. d/b/a
                                      Metropolitan Collection Agency

                                      /s/: Glenn M. Fjermedal
                                      Glenn M. Fjermedal, Esq.
                                      Office and Post Office Address
                                      The Granite Building
                                      130 East Main Street
                                      Rochester, New York  14604-1686
                                      Telephone:  (585) 454-5650

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH MORATH,

                        Plaintiff,

    -vs-

METROPOLITAN RECOVERY SERVICE, INC.,      Case No. 07-CV-11081
d/b/a METROPOLITAN COLLECTION AGENCY,

                        Defendant.

---

STATE OF NEW YORK)
COUNTY OF MONROE )

### AFFIDAVIT OF SERVICE

      I, Gregory J. Gillette, being sworn say:

I am not a party to this action, am over 18 years of age and reside at Rochester, New York. On February 21, 2008, I served the **MEMORANDUM OF LAW IN SUPPORT OF MOTION** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name (see attached list):

                                    /s/:  Gregory J. Gillette
                                    GREGORY J. GILLETTE

Sworn to before me this
21st day of February, 2008.

/s/: Victoria R. Billups
Notary Public

Amir J. Goldstein, Esq.
591 Broadway, Suite 3A
New York, New York 10012