## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ELIZABETH MORATH

<u>**NOTICE OF**</u>
<u>**OPPOSITION AND**</u>
<u>**CROSS-MOTION**</u>

                              Plaintiff,

                                          07 CV 11081 (DLC)

          -against-


METROPOLITAN RECEOVERY SERVICE, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

                              Defendant.


**PLEASE TAKE NOTICE,** that upon the appended memorandum of law, pursuant to

Rule 56, plaintiff will move before the Honorable  Denise L. Cote, United States District

Court, Southern District of New York at 500 Pearl Street, New York, New York on April

9, 2008 at 10:00am or as soon thereafter as counsel can be heard for an Order granting

plaintiff's motion for summary judgment and denying the defendants request to transfer

venue, and such other relief as this Honorable Court deems just and proper.


  Dated: New York , New York
          March 4, 2008


                              _____s/_____
                              Amir J. Goldstein, Esq. (AG-2888)
                              Attorney At Law
                              **Attorney for the Plaintiff**
                              591 Broadway, Suite 3A
                              New York, New York 10012
                              Telephone (212) 941- 8566
                              Facsimile (866) 288- 9194

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
ELIZABETH MORATH

                        Plaintiff,

                                             07 CV 11081 (DLC)

            -against-


METROPOLITAN RECEOVERY SERVICE, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

                        Defendant.

----------------------------------------------------------


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN OPPOSITION TO DEFENDANTS REQUEST TO TRANSFER VENUE


### INTRODUCTION

        Plaintiff has filed an action pursuant to the Fair Debt Collection Practices Act. A copy of the Complaint, together with the dunning notices at issue, are attached hereto as Exhibit A. Defendant has filed a late Answer, attached hereto as Exhibit B. Now, Defendant has moved to transfer venue to the Western District of New York. Defendant's request, regardless of merit, is brought as a dilatory litigation tactic, and is brought merely to increase cost and delay the litigation in the absence of any valid legal defenses. Accordingly, plaintiff's motion for summary judgment demonstrates that this Court has proper personal and subject matter jurisdiction over the issues in this case and should assert its discretion to rule on the merits, rather than become privy to the Defendants tactical delays and unnecessary motion practice.

**VENUE & JURISDICTION**

Plaintiff opposes Defendant's motion to transfer Venue t the Western District of New York because it is unnecessary, does not meet the Court's guidelines for justifying a transfer and is solely brought by the Defendant as a dilatory tactic to delay the action and waste time, economic and judicial resources.

Despite the Defendant's reference to section 1406 of the code and FRCP 12(b)(3), the controlling and extremely relevant provision in this case with regard to Venue is *28 USC §1391(c)*, which states, in pertinent part that;

*"...a defendant that is a corporation, shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time the action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction..."*

Defendant overlooks the minor detail that they are a corporation, who conduct business in the entire State of New York and are not limited to transacting business in the Western District of New York. As such, Defendants avail themselves to the minimum contacts requirement of personal jurisdiction, within the entire State of New York, despite the fact that they maintain their base of operation in the Western District of New York. This expansive statute has enabled the Southern District to be deemed a proper

venue for Defendants even where the activities did not occur within the district, so long as the minimum contacts requirement of personal jurisdiction are met. The Courts have recognized this rule in non-diversity cases even where an the Defendant is a business from out-of state and the plaintiff is from another District in the State. See *Bicicletas Windsor, S.A. v. Bicycle Corp. of America, 783 F.Supp. 781(SDNY 1992)*. A fortiori argument is made for a Defendant corporation which is actually a resident of the State and is not from another State, where venue would be proper, regardless.

Furthermore, in *E.Approach v. Institute of Management Accountants Not Reported in F.Supp.2d, 2004 WL 1418027 (S.D.N.Y.)*, this Court held that venue was proper in the Southern District of New York, where the case involved a New York plaintiff residing in Long Island (Eastern District of New York) and a New Jersey Defendant. In *E.Approach*, Defendant moved for transfer of venue arguing that none of the facts or occurrences occurred in the Southern District of New York nor did the parties reside in the Southern District. The Court ruled that under *28 USC §1391(c)*, where the defendant is a corporation, venue is tested as personal jurisdiction and applied the minimum contacts test, finding that the New Jersey Defendant solicited business in the State of New York and therefore was subject to jurisdiction in the state of New York and the matter could be heard in the Southern District of New York, even the plaintiff resided in the Eastern District. See *E.Approach* at 1.

The Defendant does not contest jurisdiction, or its contacts with the forum, rather the Defendant attempts to delay this proceeding with a meaningless motion to transfer

venue. It should be noted that a transfer at this time would be unnecessary as the matter

can be resolved as a matter of law.


More importantly, are the factors involved in a Court's ruling to transfer venue,

another detail, completely ignored by the Defendant. In the case of _Cool Wind Ventilation_

_Corp. v. Sheet Metal Workers Intern' Ass'n., Local Union No. 28, 216 F.Supp.2d 81,(_

_E.D.N.Y.,2002),_ the Court explains in great detail, that in order to make determination of

whether transfer of venue will serve convenience of witnesses and parties, the district

court looks to several factors, including: (1) convenience of witnesses; (2) convenience of

parties; (3) locus of operative facts; (4) availability of process to compel the attendance of

unwilling witnesses; (5) location of relevant documents and other sources of proof; (6)

relative means of the parties; (7) relative familiarity of the forum with the governing law;

(8) weight accorded to the plaintiff's choice of forum; and (9) the interests of justice. _28_

_U.S.C.A. § 1404(a); See id at 85_. The Court further explains that the purpose of the

Statute is governing transfer of venue protects those involved in litigation from needless

inconvenience and costs On motion to transfer venue, deference is to be given to

plaintiff's choice of forum and transfer should be ordered only if the balance of

conveniences weighs strongly in favor of the change of forum. _28 U.S.C.A. § 1404(a);_

_See id at 85._


In the instant case, defendant has failed to address many of the factors and solely

bases his request to transfer on location of the parties. The reality is, that location of the

parties does not carry great weight in this case. The violations and issues presented are all

contained in a few documents which have been attached to the pleadings. If there is

discovery to be taken, same can be done via mail and or facsimile. There is no

compelling reason to transfer the case to the Western District other than to accomodate

the Defendant. The availability of parties and witness will not be affected, nor with the

familiarity of the law nor will the interest of justice be served in any way shape or form.

Defendant attempted to assert that a transfer would be more convenient for the parties

since they are located in the Western District. There is no substantive reason to think that

the Southern District, this Court, should not be able to hear the issues presented and rule

on the law, in the interest of justice. It is also important to note that this District is the

plaintiff's choice of forum and is a proper forum which should be considered with great

weight in light of the surrounding circumstances.


The facts are undisputed and the second portion of the within motion and cross

motion will demonstrate that the issues of liability can be easily determined as a matter of

law by this Court and moot the adjudication of the issue of transferability.


As such, there is no significant difference in transferring the case other than to

delay the proceeding and to accommodate the Defendant. Where transfer of venue would

merely shift the inconvenience from one party to the other, plaintiff's choice of forum is

not to be disturbed. _See 28 U.S.C.A. § 1404(a); See id at 85. See_ also _Fintech Research_

_Associates, Inc. v. Dynagro Corp.Not Reported in F.Supp., 1998 WL 148423,_

_S.D.N.Y.,1998_ holding that a plaintiff's choice of forum is entitled to deference, and will

not be disturbed absent a clear showing that the balance of conveniences tips strongly in

the movant's favor. *See Lipton v. Nature Co., 781 F.Supp. 1032, 1036 (S.D.N.Y.1992)*

*(citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)),*

*aff'd, 71 F.3d 464 (2d. Cir.1995)*. The Defendant has failed to show with any strength or

clarity that the Southern District is an insufficient forum.


It is clear that the issue of transferring venue is one in which the Court must

evaluate the sensibility of the transfer and take policy concerns into consideration. It is

equally clear that the Defendant's motion to transfer to the Western District should be

denied as the request is ultimately unnecessary. The plaintiff's claim is meritorious on its

face, as can be seen in the attached exhibits in the pleadings and the Defendant has not

disputed the facts. Plaintiff will show that the Defendant's liability in this case is

uncontested, and all that will remain before the court shall be issues of damages and class

certification.  Plaintiff reserves all rights.


## **JUDGMENT AS A MATTER OF LAW**

### **Standard of Review**

*Rule 12(c)*  of the Federal Rules of Civil Procedure provides that "after the

pleadings are closed but within such time as not to delay the trial, any party may move

for judgment on the pleadings." On a motion for judgment on the pleadings, all matters

plead in the complaint that are not in dispute must be accepted as true, and the Court may

reach a judgment on the merits by reviewing the contents of the pleadings. *Sellers v. M.C.*

*Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir.1988); Hotel St. George Assoc. v.*

_Morgenstern, 819 F.Supp. 310 (S.D.N.Y.1993). In re Risk Management Alternatives, Inc.,_

_Fair Debt Collection Practices Litigation__, 208 F.R.D. 493(S.D.N.Y.,2002)._


For purposes of a motion for judgment on the pleadings, any document attached

as an exhibit to a pleading or incorporated therein by reference becomes a part thereof for

all purposes. _Fed.R.Civ.P. 10(c); see __Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d_

_42, 47 (2d Cir.1991)_. A judgment on the pleadings is appropriate when, considering all

facts not in dispute in a light most favorable to the non-moving party, a court can reach a

judgment on the merits. _Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d_

_Cir.1988). Vega v. Credit Bureau Enterprises, Not Reported in F.Supp.2d, 2005 WL_

_711657 (E.D.N.Y.,2005)._


_Rule 12(c)_ permits the Court to convert a motion for judgment on the pleadings to

a motion for summary judgment if the Court deems it necessary to refer to matters

outside of the pleadings. _See __Frerks by Frerks v. Shalala, 848 F.Supp. 340_

_(E.D.N.Y.1994)_, affirmed, _60 F.3d 1234 (7th Cir.1995)_ (upon motion for judgment on the

pleadings, the court in its discretion may treat the motion as one for summary judgment).

_In re Risk Management Alternatives, Inc., Fair Debt Collection Practices Litigation__, 208_

_F.R.D. 493(S.D.N.Y.,2002)._

**THE FDCPA**

Whether the particular wording of a letter violates the FDCPA is an issue of law that can be decided by a court on a motion for summary judgment. *See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292 (2d Cir.2003)* (finding as a matter of law that the defendant's collection letters were not false, deceptive or misleading to the least sophisticated consumer); *Berger v. Suburban Credit Corp., 04 CV 4006, 2006 WL 2570915, \*3 (E.D.N.Y. Sept. 5, 2006)* ("the Second Circuit has indicated that the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law because the standard is an objective one."). *See id*.

The FDCPA is a strict liability statute and "a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell V. Equifax, 74 F.3d 30, 33 (2d Cir.1996)*. "The most widely accepted test for determining whether a collection letter violates the FDCPA is an objective standard based on the 'least-sophisticated consumer.' " *Colmon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993)*. "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id*.

**1692g**

       To accomplish its goals, the FDCPA requires certain language commonly referred to as a "validation notice" to be included in a debt collection letter. The purpose of the validation notice is to provide the consumer with information necessary to challenge the debt allegedly owed before making payment to an independent collection agency. *See § 1692(g)(a)*. A debt collector violates *§ 1692(g)* of the FDCPA if it sends the debtor a collection letter that "overshadows or contradicts" or, in some cases, creates confusion as to the consumer's right to dispute the debt. *DeSantis v. Computer Credit Inc., 269 F.3d 159, 161 (2d Cir.2001)* ("[e]ven if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty."); *Foti v. NCO Fin. Sys., Inc., 424 F.Supp.2d 643, 660-61 (S.D.N.Y.2006)*.

       In *Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir.1998)*, the Second Circuit found that the debt collector's request for "immediate" payment did not, standing alone, violate the FDCPA. Rather, the court concluded that the debt collector's "violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under *Section 1692(g)* to seek validation of the debt." *Id. at 86.*

       In *DeSantis v. Computer Credit Inc., 269 F.3d 159 (2d Cir.2001)*, language which "insists on" the debtor either providing a valid reason for failure to make payment or paying the debt overshadowed the validation notice, since the FDCPA requires the debtor

to do neither within the thirty day validation period. *Id. at 162.* Similarly, the statement "payment due immediately" at the top of the letter has been found to overshadow a validation notice. *Aramburu v. Healthcare Financial Services, 02 CV 6535, 2005 WL 990995 *7 (E.D.N.Y, April 14, 2005)*. Finally, language that would lead the least sophisticated consumer to believe he has foregone his opportunity to request a validation of the debt is a violation of FDCPA. *Spira v. I.C. System, Inc., 05 CV 4367, 2006 WL 2862493 *5 (E.D.N.Y., Oct. 5, 2006)*.

In the instant case, Defendant clearly violated 1692g of the FDCPA because it does not include a "validation notice" in its initial communication dated October 17, 2007. *See Complaint par. 10 and attached letter attached hereto as Exhibit A*. Defendant does not dispute this fact, but rather asserts a general denial and states that the Plaintiff has drawn a legal conclusion. *See Defendants Answer attached hereto as Exhibit B, par. 10*. Defendant is grossly mistaken as this is not a legal conclusion, but rather a factual conclusion. Defendant fails to include a "validation notice," as required by 1692g of the FDCPA, in their initial communication to consumers.

Assuming arguendo that a validation notice did appear in some place that is not visible, the language of the letter would overshadow any effective conveyance of the consumers right by stating in large bold print at the top of the letter, "**AMOUNT IMMEDIATELY DUE: $603.93**." *See complaint paragraph 11(Exhibit A)*. Furthermore the letter continues to threaten that the Defendant will **"…pursue this matter to the fullest extent of the law and we intend to fulfill that responsibility if your account is**

**not immediately paid in full. You may avoid further action by sending a check or money order payable to METROPOLITAN COLLECTION AGENCY, within seven (7) days of your receipt of this letter**." *See complaint pars. 12 and 13*. Said demands and threats also contradict the consumers right to dispute the debt for 30 days in accordance with the language of *1692g* and relevant case law such as *Savino*, *Desantis*, *Spira* and *Aramburu*.

Concomitantly, the second, subsequent dunning letter dated October 31, 2007, only 13 days after the initial communication, continues to overshadow the consumers' right to dispute the debt within the initial 30 day period by making an identical demand for the "**AMOUNT IMMEDIATELY DUE**" and by stating that "**Since you failed to respond to our previous letters legally, we will be preparing to report this collection account to our credit reporting agency's in TEN (10) days from the above date. As a direct consequence, this debt will be recorded on your personal credit record where it will remain for a period of up to seven (7) years.**" *See complaint par. 18*. The statement falsely threatens to take action against the plaintiff's credit report within "10 days from the above date, namely October 31, 2007. Assuming that the day to which this letter refers is November 10, 2007, this is still a day that falls within the 30 day dispute period and is therefore a further contradiction and overshadowing of the consumers right to dispute the debt for 30 days. There are additional issues with this language pertaining to false threats and misrepresentations which shall be discussed in greater detail below.

Notwithstanding the same, said letter(s) continue(s) to violate the FDCPA and advise the consumer that she can "**avoid the recording of this collection account, which will affect your credit worthiness, we strongly recommend that you send your payment today."** This language creates a false sense of urgency and contradicts the consumer's right to despite the debt for the initial 30 days period as per 1692g.

Finally, on November 14, 2007, the third collection notice is sent by the Defendant, and is received, also within the initial 30 day dispute period violating 1692g of the FDCPA. *See complaint pars. 20- 22 and attached letter dated November 14, 2007.* Said letter repeats the demand for IMMEDIATE payment within the initial 30 day period and adds the following disclaimer;    "*INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN (7) YEARS*" and continues as follows:

**"You have ignored our previous written demands to pay the above referenced debt. As a consequence, you are hereby advised that if payment is not received in our office, or if you fail to contact this office within SEVEN (7) DAY' S from the date of this notification, this debt will appear on your personal credit file for the next SEVEN (7) YEARS.**

**Practically every lending institution inquires into your personal credit history before making any loan decisions.  As a result, it will be difficult to obtain any of the following forms of credit should you need it:**

**\*\*Personal loans with banks/finance institutions.  \*\*Credit Cards.**

**\*\*Any/All types of automobile loans.  \*\* Student Loans of all types.**

**\*\*Mortgages/Apartment approvals through banks and landlords.**

**\*\*And any other forms of extending your personal credit."**

The portion of the language that demands immediate payment is a continuation of the 1692g violation that began with the first communication. The remaining language in the Defendant's letters, pertaining to "credit reporting" are additionally oppressive, false, deceptive and misleading in that they give the false impression that the Defendant has the ability or right to effect the consumer's credit when in fact no such right or ability exists. Moreover, the act of reporting ones credit is a type of legal action that can not be taken within the initial thirty day dispute period, and likely is not actually intended to be taken at all.

**1692e**

According to 1692e of the FDCPA, debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

"(5) The threat to take any action that cannot legally be taken or that is not intended to be taken;"

"(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer."

*Section 1692e* further prohibits the act of "(8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

It is an undisputed fact that the Defendant did not "report" anything on the Plaintiff's credit report. Defendant does not have the authority and/or ability to report a consumers' credit file with regard to this debt as the alleged debt was in dispute. Moreover, Defendant lacks ability to report on behalf any of their clients whatsoever. In the October 17 letter, Defendant states that they intend to "pursue this matter to the fullest extent of the law" and attempt to coerce payment by stating that the plaintiff can "avoid further action" by making a payment in full within 7 days. See Compliant and attached letter.

In the letter dated October 31, the defendant specifically states that they intend to place the debt on a "personal credit file" for seven years. See Complaint and attached letter. It is unclear what the reference to a "personal credit file" is, however, it does appear that the least sophisticated consumer is given the impression that their credit will be harmed. Not only is this an action that can not be taken, it is an action that is not actually intended by the defendant. Moreover, the statement is deceptive and misleading in nature and is intended to coerce payment of a disputed debt under duress and threat of further harm.

The law in this jurisdiction holds that where a debt collection letter sent by debt collector to debtor which stated that late payments, missed payments, or other defaults

"may be reflected on your credit report" constituted a threat and false representation to
the "least sophisticated consumer," in violation of the FDCPA, since initial reporting of
debtor's defaulted status to credit bureaus took place prior to the issuance of the letter,
and debt collector had no intention or ability to report late or missed payments or any
additional defaults to credit bureaus, regardless of whether debtor paid any or all of the
amount demanded. _Fair Debt Collection Practices Act, § 807(5, 10), 15 U.S.C.A. § 1692e
(5, 10). Fainbrun v. Southwest Credit Systems, L.P., 246 F.R.D. 128 (E.D.N.Y.,2007). See_
Also _Spira v. I.C. System, Inc., Slip Copy, 2006 WL 2862493 (E.D.N.Y.,2006) where the
Court held that it is that threat, combined with the context of finality and urgency created
by the words "[s]ince you have failed," which overshadows the July 6 letter's validation
language and violates § 1692g and §1692e(10)._

The same logic follows for the Defendant's long winded descriptions which seem
to create a message of fear in the consumer. For example, in the October 31 letter,
defendant states **"All accounts that $1.00 and greater are reported to all three credit
repository's. Many banks and other credit grantors use credit records in approving
credit cards, car loans and mortgages, student loans, and other forms of personal
credit."** See complaint and attached letter.

The language in the November 14 letter similarly threatens the least sophisticated
consumer by stating:

**"You have ignored our previous written demands to pay the above
referenced debt. As a consequence, you are hereby advised that if payment is not
received in our office, or if you fail to contact this office within SEVEN (7) DAY' S**

**from the date of this notification, this debt will appear on your personal credit file**

**for the next SEVEN (7) YEARS.**

      **Practically every lending institution inquires into your personal credit**

**history before making any loan decisions.  As a result, it will be difficult to obtain**

**any of the following forms of credit should you need it:**

      **\*\*Personal loans with banks/finance institutions.  \*\*Credit Cards.**

      **\*\*Any/All types of automobile loans.  \*\* Student Loans of all types.**

      **\*\*Mortgages/Apartment approvals through banks and landlords.**

      **\*\*And any other forms of extending your personal credit."**

      This language is far more detailed then the subtleties referenced in the *Fainbrun*

or *Spira* case, and therefore are clearly a violation of 1692e. Each of Defendant's letters

makes a demand for "IMMEDIATE" payment and is coupled with language referencing

harm and inability to obtain credit. This language is clearly threatening to the least

sophisticated consumer and is deceptive in that it purports to take action which can not

legally be taken and/or is not intended to be taken in violation of 1692e, et seq. *See*

*Complaint and attached letters.*

## CONCLUSION

      A simple review of the issues contained in herein, together with relevant case law

on the subject, demonstrate that the Defendant violated the FDCPA. Their

communications fail to include requisite language and insert a plethora of commentary

which has long been recognized as violative language, overshadowing the consumer's

rights, asserting false threats and deceptive representations. In their responsive pleadings,

Defendant admits many of the allegations in the complaint as true and states that the

"documents speaks for itself". See Exhibit B, Defendants Answer. Accordingly, the

Plaintiff requests that this Court grant Plaintiff's motion for Judgment on the Pleadings

pursuant to Rule 12(c) of the FRCP as to the issue of liability only, and directs the parties

to exchange discovery pertaining to damages and class size and denies the Defendant's

motion to transfer Venue which is wholly unnecessary, is not in the interest of justice and

is moot upon review of the merits of the case. Alternatively, Plaintiff requests that this

Court apply the law of the transferee district and rule on the merits of the pleadings prior

to transferring the case to the Western District, if the Court deems that such transfer is

necessary to further the interest of justice and would not be a waste of economic and

judicial resources. Therefore, plaintiff respectfully requests that defendant's  motion be

dismissed, and that Plaintiff's cross-motion be granted and that the parties be directed to

proceed with regard to damages and class size, reserving all rights, and that plaintiff be

awarded the costs of this motion and for any other relief the Court deems just and proper.

Dated: New York, New York
      March 5, 2008

 

                    \_\_s_____
                    Amir J. Goldstein (AG-2888)
                    Attorney At Law
                    **Attorney for the Plaintiff**
                    591 Broadway, Suite 3A
                    New York, New York 10012
                    Telephone (212) 966-5253
                    Facsimile (866) 288- 9194

## <u>CERTIFICATE OF SERVICE</u>

I, Amir J. Goldstein, hereby certify that on March 5, 2008, I served the within

Notice of Motion and Memorandum in Support and Exhibits pursuant to Rule 12(c), upon

the defendant as reflected below via facsimile:

Glenn M. Fjermedal, Esq.  (585) 269- 3077

_s/_____
Amir J. Goldstein (AG-2888)

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ELIZABETH MORATH,

                            Plaintiff,

            -against-

METROPOLITAN RECOVERY SERVICE, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,
                            Defendant.

-------------------------------------------------------------X

JUDGE COTE

07 CV 11081

**CLASS ACTION**
**COMPLAINT**

RECEIVED
DEC 07 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for his complaint

against the Defendant, Metropolitan Recovery Service Inc., et al., alleges as follows:

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer and on behalf of a class

        for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et*

        *seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and

        unfair practices.

## PARTIES

2.      Plaintiff is a natural person residing in Tonawanda, New York.

3.      Upon information and belief, defendant is a debt collector as defined pursuant to 15

        U.S.C. § 1692a(6) with its principal place of business in Rochester, New York.

## JURISDICTION

4.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. §

        1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

        transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE CLASS

5.  Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6.  That a personal debt was allegedly incurred by the plaintiff to Enviro-Tech, Inc.

7.  That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8.  The defendant sent an initial collection letter to the plaintiff dated October 17, 2007. A copy is attached hereto and made part hereof.

9.  Plaintiff received said letter.

10. Said letter fails to include proper notices regarding the consumers' rights and validation language as per the requirements of the FDCPA.

11. That the mass-produced computer generated letters introduced the defendant as a professional collection agency representing the creditor emphasizes in large bold and highlighted print;

### "AMOUNT DUE IMMEDIATELY: $603.93"

12. Said letter further states in pertinent part :

**"Our client has authorized us to pursue this matter to the fullest extent of the law and we intend to fulfill that responsibility if your account is not *immediately paid in full.*"**

13. Said letter further threatens the consumer by stating:

"**You may avoid further action by sending a check or money order in the above amount, payable to METROPOLITAN COLLECTION AGENCY, within seven (7) days of your receipt of this letter.**"

14.     Said letter further also contains a "bottom portion" which is intended to be sent back with payment and contains mailing information.

15.     That plaintiff returned said "bottom portion" back to the Defendant advising the defendant that the debt is in dispute.

16.     That Defendant sent a second dunning notice dated October 31, 2007. A copy is attached hereto and made part hereof.

17.     Said letter similarly states that the amount due "immediately" and further threatens:

**"*INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN YEARS*"**

18.     Said letter further states:

"**Since you have failed to respond to our previous letter legally, we will be preparing to report this collection account to our credit reporting agency's in TEN (10) days from the above date. As a direct consequence, this debt will be recorded on your personal credit record for a period of up to seven (7) years. All accounts that are $1.00 and greater are reported to all three credit repository's. Many banks and other credit grantors use credit records in approving credit cards, car loans, mortgages, student loans, and other forms of personal credit.**"

19.     Said letter continues to falsely threaten and overshadow the consumers rights by stating:

"To avoid the recording of this collection account which will affect your credit worthiness, we strongly recommend that you send your payment today."

20.    Defendant sent a third dunning notice, within the consumers' initial 30 day dispute period and without regard for the plaintiff's dispute, dated November 14, 2007. A copy of said letter is attached hereto and made part hereof.

21.    Said letter repeats the threats contained in the first two dunning letters and adds the following:

"You have ignored our previous written demands to pay the above referenced debt. As a consequence, you are hereby advised that if payment is not received in our office, or if you fail to contact this office within SEVEN (7) DAY'S [sic] from the date of this notification, this debt will appear on your personal credit file for the next SEVEN (7) YEARS."

22.    Said letter continues in explaining the various possibilities of difficulty the consumer will encounter when her credit is reported, including but not limited to banks, lending institutions, student loans apartment rentals and the like.

23.    Said letter(s) violates the consumers rights in that it fails to properly advise the consumer of her rights, demanding immediate payment of a disputed debt within the initial dispute period, it persists with false threats of legal action and credit reporting without acknowledgment of the dispute as required by law.

24.    Upon information and belief, said letters are computer generated by the defendant and disregard the 30 day dispute period provided to the consumer by law persisting with deceptive language, false statements and threats of legal action that can not legally be

taken or that are not actually intended to be taken and are designed to coerce payment under duress.

25.    That said letters alone and or together contain language demonstrating false statements and deceptive representations, unlawful threats, and misleading and overshadowing language which contradicts the consumers rights.

26.    That the defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for sole purpose of harassing consumers and coercing payment and collecting debts.

27.    Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (g), (e), and (f) in that the representations made by the defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

28.    That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## CLASS ALLEGATIONS

29.    The first cause of action is brought on behalf of plaintiff and the members of a class.

30.    The class consists of consumers who received the same form letter, as did the plaintiff.

31.    The Class consists of all persons whom Defendant's records reflect resided in the state of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letter sent to the plaintiff on or about October 17, 2007

and subsequent letters within a 30 day period, (b) the collection letter was sent to a consumers seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered, (d) and that the letter contained violations of 15 U.S.C. § 1692e by engaging in false threats of legal action and deceptive practices, 1692g for contradicting and confusing the consumer as to his/her rights, 1692e for making false and deceptive statements and threatening legal action that can not legally be taken or is not actually intended to be taken, and 1692f for conducting unfair practices in attempt to collect a debt by means of duress and coercion.

32.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed and computer generated form letters, the class is so numerous that joinder of all members is impracticable.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C)    The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D)      The claims of the plaintiff are typical of those of the class members. All are based
on the same facts and legal theories.

(E)      The plaintiff will fairly and adequately represent the class members' interests. The
plaintiff has retained counsel experienced in bringing class actions and collection-abuse
claims. The plaintiff's interests are consistent with those of the members of the class.

33.    A class action is superior for the fair and efficient adjudication of the class members'
claims. Congress specifically envisions class actions as a principal means of enforcing the
FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated
individuals, whose rights will not be vindicated in the absence of a class action.
Prosecution of separate actions by individual members of the classes would create the risk
of inconsistent or varying adjudications resulting in the establishment of inconsistent or
varying standards for the parties and would not be in the interest of judicial economy.

34.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class
pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

35.    Collection letters, such as those sent by the defendant are to be evaluated by the objective
standard of the hypothetical "least sophisticated consumer."

36.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the
following:(g), (e), (d) and (f)

(a)      Defendant violated 15 U.S.C. § 1692f by employing unfair tactics in
attempt to collect a debt;

(b)      Defendant violated 15 U.S.C. § 1692e by using false representations
and deceptive means in an attempt to collect a debt;

    (c)     Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights

    (d)     Defendant violated 15 U.S.C. § 1692d by harassing the consumer

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

    (a)     Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the fist cause of action.

    (b)     Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

    (c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)     For such other and further relief as may be just and proper.

Dated: New York, New York
       November 29, 2007

Amir J. Goldstein, Esq. (AG-2888)
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein  (AG-2888)

2007-11-02    13:55        7168315990.. 1.0    INSTALLED Sales 1*83        P 2/3

METROPOLITAN COLLECTION AGENCY
P.O. Box 18637
Rochester, New York 14618

COLLECTIONS

CREDIT REPORTING

Date: 17 OCT 2007

Ms Liz Morath
698 Fries Rd
Tonawanda, NY 14150

RE: Enviro-Tech, Inc
AMOUNT IMMEDIATELY DUE: $603.93

Dear Ms. Morath:

This Collection Agency/Credit Reporting Company has been retained by the above referenced creditor in regards to your seriously past due account. The total amount required to satisfy your debt is noted above.

Our client has authorized us to pursue this matter to the fullest extent of the law and we intend to fulfill that responsibility if your account is not immediately paid in full. You may avoid further action by sending a check or money order in the above amount, payable to METROPOLITAN COLLECTION AGENCY, within seven (7) days of your receipt of this letter.

In order that you receive proper credit for your payment, it is imperative that you return the statement below with your payment, and that your check or money order is payable to METROPOLITAN COLLECTION AGENCY.

If you have any questions regarding this matter, you must notify us in writing of those questions. ALL DISPUTES MUST BE IN WRITTEN FORM. ALL COMMUNICATION TO US MUST BE IN WRITTEN FORM TO THE PO BOX ADDRESS ABOVE.

METROPOLITAN COLLECTION AGENCY
P.O. Box 18637
Rochester, New York 14618

COLLECTIONS                 (585) 256 1110               CREDIT REPORTING
                      TOLL FREE (800) 716-0076

                                            Date: 31 OCT 2007

Ms Liz Morath
698 Fries Rd
Tonawanda, NY 14150

RE: Enviro Tech, Inc $603.93
    Amount Immediately Due: $603.93

*INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN (7) YEARS*

Dear Ms. Morath:

Since you failed to respond to our previous letter legally, we
will be preparing to report this collection account to our credit
reporting agency's in TEN (10) days from the above date. As a
direct consequence, this debt will be recorded on your personal
credit record where it will remain for a period of up to seven (7)
years. All accounts that are $1.00 and greater are reported to all
three credit repository's. Many banks and other credit grantors
use credit records in approving credit cards, car loans,
mortgages, student loans, and other forms of personal credit.

To avoid the recording of this collection account which will
affect your credit worthiness, we strongly recommend that you
send your payment today. Please use the statement below and make
your check payable to METROPOLITAN COLLECTION AGENCY.

Sincerely,

METROPOLITAN COLLECTION AGENCY

Metropolitan Collection Agency         Account Number: 84415
P.O. Box 18637
Rochester, NY 14618                    Amount Now Due: $603.93

To insure that you receive proper credit with your payments,
detach and enclose this statement with your check or money order
payable to METROPOLITAN COLLECTION AGENCY. This is an attempt to
collect a debt. Any information obtained will be used for that
purpose.

METROPOLITAN COLLECTION AGENCY
P.O. Box 18637
Rochester, New York 14618

COLLECTIONS                    (585) 256-1110                    CREDIT REPORTING
                         TOLL FREE (800) 716-0076

Date: 14 NOV 2007

Ms Elizabeth Morath
698 Fries Rd
Tonawanda, NY 14150

RE: Enviro-Tech, Inc $603.93
    AMOUNT IMMEDIATELY DUE: $603.93
    *INTENT TO PLACE DEBT ON PERSONAL CREDIT FILE FOR SEVEN (7) YEARS*

Dear Ms. Morath:

You have ignored our previous written demands to pay the above
referenced debt. As a consequence, you are hereby advised that if
payment is not received in our office, or if you fail to contact
this office within SEVEN (7) DAY'S from the date of this
notification, this debt will appear on your personal credit file for
the next SEVEN (7) YEARS.

Practically every lending institution inquires into your personal
credit history before making any loan decisions. As a result, it
will be difficult to obtain any of the following forms of credit
when you should need it:

**Personal loans with banks/finance institutions.   **Credit Cards.
**Any/All types of automobile loans.   **Student Loans of all types.
**Mortgages/Apartment approvals through banks and landlords.
**And any other forms of extending you personal credit.

We look forward to a prompt resolution to this matter.

Sincerely,

METROPOLITAN COLLECTION AGENCY
_____

METROPOLITAN COLLECTION AGENCY                Account Number: 84415
P.O. Box 18637
Rochester, NY 14618                 Amount Immediately Due: $603.93
To insure that you receive proper credit with your payments, detach
and enclose this bottom portion with your check or money order
PAYABLE TO METROPOLITAN COLLECTION AGENCY. This is an attempt to
collect a debt. Any information obtained will be used for that
purpose.

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

ELIZABETH MORATH,

                              Plaintiff,

            -vs-

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

                              Defendant.

_____

**VERIFIED ANSWER**

Case No. 07-CV-11081

            Defendant,   METROPOLITAN   RECOVERY   SERVICES,   INC.,   d/b/a

METROPOLITAN COLLECTION AGENCY, ("Metropolitan"), by and through its attorneys,

LACY KATZEN LLP, for its Answer to the Complaint, alleges as follows:

            1.      In response to the allegations contained in paragraph 1of Plaintiff's Complaint,

admits that the Plaintiff purports to bring this action under the Fair Debt Collection Practices Act

("FDCPA") as alleged, but denies that the Plaintiff has any such claim against the Defendant, or

has stated one within the Complaint.

            2.      Admits to the allegations in paragraph 2 of the Complaint that the Plaintiff is a

natural person and otherwise denies knowledge or information sufficient to form a belief as to

the residency of the Plaintiff.

            3.      Admits the allegations in paragraph 3 of the Complaint that Defendant is a

corporation which is in the business of debt collection, otherwise denies knowledge or

information sufficient to form a belief as to whether Defendant is a "debt collector" as defined by

15 U.S.C. § 1692a(6) which constitutes a legal conclusion of the pleader to which no response is necessary.

4.      In response to the allegations contained in paragraph 4 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, admit that jurisdiction is proper but that venue of this Court is improper and should be transferred to the Western District of New York and otherwise deny the remaining allegations in this paragraph of the Complaint.

5.      In response to the allegations contained in paragraph 5 of the Complaint, repeats and realleges its admissions, denials and other responses to all prior or incorporated allegations.

6.      Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 6 of the Complaint which is in the purview of Enviro-Tech, Inc.

7.      Admits that the subject debt was placed with Metropolitan to collect upon and otherwise denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations pertaining to the subject debt or its default as alleged in paragraph 7 of the Complaint.

8.      Admits the allegations contained in paragraph 8 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for themselves.

9.      Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 9 of the Complaint.

10.     In response to the allegations contained in paragraph 10 of Plaintiff's Complaint, states that said allegations constitute legal conclusions of the pleader to which no response is necessary, but to the extent response is required, deny such allegations.

11.     Admits the allegations contained in paragraph 11 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

12.     Admits the allegations contained in paragraph 12 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

13.     Admits the allegations contained in paragraph 13 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

14.     Admits the allegations contained in paragraph 14 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth or allegations contained in paragraph 15 of the Complaint.

16.     Admits the allegations contained in paragraph 16 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

17.     Admits the allegations contained in paragraph 17 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

18.     Admits the allegations contained in paragraph 18 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself.

19.     Admits the allegations contained in paragraph 19 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

20.     Admits the allegations contained in paragraph 20 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

21.     Admits the allegations contained in paragraph 21 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

22.     Admits the allegations contained in paragraph 22 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

23.     Admits the allegations contained in paragraph 23 of the Complaint to the extent that Defendant sent a letter to Plaintiff, the terms of which speak for itself, and otherwise denies the remaining allegations in this paragraph of the Complaint.

24.     Denies the allegations contained in paragraphs 25, 26, 27, 28, 29, 30, 31, 32 and 33 of the Complaint.

25.     In response to the allegations contained in paragraphs 34 and 35 of the Complaint, Defendant contends that this is a statement or definition and not an allegation to which a response is required.

26.     Denies the allegations contained in paragraph 36 of the Complaint.

27.     Denies the allegations contained in the WHEREFORE clause of the Complaint.

28.     Denies all those allegations contained in Plaintiff's Complaint not expressly admitted, denied or otherwise responded to herein.

## AS FOR A FIRST AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

31.     Repeats and realleges each and every allegation contained in paragraphs 1 through 30 above as though set forth in full herein.

32.     Plaintiff fails to state a cause of action for which relief may be granted, and any claim is mitigated and avoided.

## AS FOR A SECOND AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

33.     Repeats and realleges each and every allegation contained in paragraphs 1 through 32 above as if set forth in full herein.

34.     Plaintiff has failed to state a claim for actual damages in accordance with 15 USC §1692k.

## AS FOR A THIRD AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

35.     Repeats and realleges each and every allegation contained in paragraphs 1 through 34 above as if set forth in full herein.

36.     Plaintiff failed to mitigate damages, if any.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE
## ON BEHALF OF DEFENDANT:

37.     Repeats and realleges each and every allegation contained in paragraphs 1 through 36 above as if set forth in full herein.

38.     Metropolitan made all appropriate FDCPA disclosures to the Plaintiff including identifying itself as a debt collector for the subject debt.

AS FOR A FIFTH AFFIRMATIVE DEFENSE
ON BEHALF OF DEFENDANT:

39.     Repeats and realleges each and every allegation contained in paragraphs 1
through 38 above as if set forth in full herein.

40.     The Plaintiff initiated suit in the wrong venue, which should be in the United
States District Court for the Western District of New York.

AS FOR A SIXTH AFFIRMATIVE DEFENSE
ON BEHALF OF DEFENDANT:

41.     Repeats and realleges each and every allegation contained in paragraphs 1
through 40 above as if set forth in full herein.

42.     The Plaintiff's action should not be entitled to class certification as the members
of the class have factually distinctive claims which bar such certification.

AS FOR AN SEVENTH AFFIRMATIVE DEFENSE
ON BEHALF OF DEFENDANT:

43.     Repeats and realleges each and every allegation contained in paragraphs 1
through 42 above as if set forth in full herein.

44.     In a worst case scenario, the Plaintiff's damages are limited to 1% of the net value
of the Defendant which is a two person collection agency with one principal member which has
*de minimis* net value.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed, Defendant's reasonable attorney's fees and costs and for such other and further relief which to the Court may seem just and proper.

DATED: February 11, 2008
       Rochester, New York

                                    Glenn M. Fjermedal, Esq.
                                    LACY KATZEN LLP
                                    Attorneys for Defendant
                                    Office and Post Office Address
                                    130 East Main Street
                                    Rochester, New York  14604-1686
                                    Telephone:  (585) 454-5650

## VERIFICATION OF ANSWER AND CERTIFICATION BY DEFENDANT

Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency, by and through its President, Richard Goldman, affirms the following statements are true and correct under penalties of perjury:

1. I am the President of Defendant, Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency in this civil proceeding.

2. I have read the above-entitled civil Answer prepared by Glenn M. Fjermedal, Esq. and believe that all of the facts contained in it are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Answer is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Answer is not interposed for any improper purpose.

5. I have filed this civil Answer in good faith and solely for the purposes set forth in it.

Dated: February 6, 2008

RICHARD GOLDMAN
President
Metropolitan Recovery Services,

Inc.,

d/b/a Metropolitan Collection
Agency