IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ELIZABETH MORATH,

        Plaintiff,   **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CHANGE VENUE AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT**

-vs-

        Case No. 07-CV-11081

METROPOLITAN RECOVERY SERVICES, INC.,
d/b/a METROPOLITAN COLLECTION AGENCY,

        Defendant.
_____

Glenn M. Fjermedal, Esq.
Davidson Fink LLP
28 East Main Street, Suite 1700
Rochester, New York 14614
(585) 756-5950
Attorneys for Defendant Metropolitan
Recovery Services, Inc.
d/b/a Metropolitan Collection Agency

**INTRODUCTION**

Metropolitan Recovery Services, Inc. d/b/a Metropolitan Collection Agency ("Metro" or "Defendant") made the initial motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(3) and 28 U.S.C. §1406 to transfer venue of the above-captioned action under the Federal Debt Collection Practices Act ("FDCPA") from this District to that of the Western District of New York. The only contact to the Southern District of New York is Plaintiff's counsel's business offices which is irrelevant for venue purposes. It is undisputed that the Western District of New York remains the current residence of all of the parties and where the subject collection letters at issue were drafted, executed, sent and received by the respective parties. In opposition to Metro's initial venue motion, Plaintiff, Elizabeth Morath, conveniently ignores all of the overwhelming contacts with the Western District of New York. Rather, the Plaintiff presents a jurisdictional argument under 28 U.S.C. § 1391(a)(3). For the reasons discussed at greater length below, Plaintiff's "procedural" argument in opposition to Metro's venue motion is jurisdictional in nature and does not even address venue issues controlled by 28 U.S.C. § 1406 and corresponding case law which clearly points to the Western District of New York as the most appropriate venue for this FDCPA action.

In an effort to further divert this Court's attention from the Western District of New York's venue, the Plaintiff subsequently cross-moved for judgment. The cross-motion, however, is unclear as to whether the relief sought is under FRCP Rule 12(c) for judgment on the pleadings or FRCP Rule 56 for summary judgment. As argued below, the Plaintiff should refile its subsequently filed cross-motion after this Court's resolution of Metro's original venue motion – either before this Court or the Western District of

New York to the extent Metro prevails in its venue motion. Moreover, there are material disputed issues of fact regarding the completeness of certain collection letters which warrant denial of Plaintiff's cross-motion which, again, can be addressed in proceedings in the Western District of New York.

### THE WESTERN DISTRICT OF NEW YORK REMAINS THE ONLY APPROPRIATE VENUE TO ADMINISTER THIS PROCEEDING

The Plaintiff's only argument in opposition to Metro's motion is procedural in nature and is limited to jurisdictional issues in diversity actions as codified in 28 U.S.C. § 1391(c). The Defendant does not dispute the existence of this statutory provision which subjects a defendant corporation to personal jurisdiction in any district in the State where there is minimal personal jurisdiction over that corporate defendant. This statutory provision, however, does not address venue which is more directly dealt with in 28 U.S.C. § 1404.

The Plaintiff's above-cited omission is most poignantly identified her cited Bicicletas Windsor, S.A. v. Bicycle Corporation of America, 783 F.Supp. 781 (S.D.N.Y., 1992) decision in which the Court held that while the non-resident defendant corporation's contacts in the Southern District of New York were sufficient for 11 U.S.C. § 1391(c) jurisdictional purposes, those contacts were insufficient for venue purposes under 28 U.S.C. § 1404. In Bicicletas, the Southern District of New York Court transferred the case to the most convenient forum in the Eastern District of Pennsylvania which was where the defendant resided and the contract at issue was negotiated and performed. Bicicletas, supra, at 789. Plaintiff's citation to Bicicletas exemplifies a short-sighted analysis which fails to address the true issue in Metro's motion – appropriate venue under 28 U.S.C. § 1404 which would fall in the Western District of New York.

The Plaintiff baldly accuses the Defendant of ignoring the venue transfer factors outlined in Cool Wind Ventilation Corp. v. Sheet Metal Workers Intern' Ass'n., Local Union No. 28, 216 F.Supp.2d 81 (E.D.N.Y. 2002) which are identified as: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum; and (9) the interests of justice. 28 U.S.C. § 1404(a); See, Id., at 85.  To the contrary, it is the Plaintiff who ignores the above-cited Cool Wind factors. All of the potential witnesses and parties, with the exception of Plaintiff's counsel, will be greatly inconvenienced litigating this matter in the Southern District of New York as they all reside in the Rochester, New York area which is centrally located in the Western District of New York.  This satisfies Cool Wind factor numbers 1, 2, 4 and 5.  The subject collection letters in dispute were drafted, executed, sent and received in the Western District of New York to satisfy Cool Wind factor number 3.  Metro is a two-person collection agency located in Rochester, New York which, together with the Plaintiff, would be greatly inconvenienced both as to time and cost to participate in proceedings in the Southern District of New York.  Upon close examination of the Cool Wind venue factors, the Western District of New York is really the only appropriate venue for this FDCPA proceeding.  This Court need not go further than Brown v. Rochester Super 8 Motel, 899 F.Supp. 151 (S.D.N.Y. 1995) where a Southern District of New York Court transferred the case from Southern to Western District of New York since the residence of all defendants and all events leading up to the underlying claim

occurred in the Western District of New York. Defendant, Metro, respectfully requests that venue be transferred to the Western District of New York where it rightfully belongs.

**THE PLAINTIFF'S SUBSEQUENTLY FILED CROSS-MOTION FOR JUDGMENT IS DEFECTIVE AND SHOULD BE REFILED AFTER RESOLUTION OF THE ORIGINAL VENUE MOTION AND COMPLETION OF DISCOVERY WITH RESPECT TO THE MATERIAL DISPUTED ISSUES OF FACT WHICH REMAIN AT ISSUE**

The Plaintiff's notice of cross-motion is ambiguous as to the relief it seeks – whether under FRCP Rule 12(c) for judgment on the pleadings or FRCP Rule 56 for summary judgment. While the notice of motion asserts relief under FRCP Rule 56, the Plaintiff's moving papers cite to FRCP 12(c). For this reason alone, the Plaintiff should be compelled to refile its cross-motion.

To the extent the Plaintiff seeks relief under FRCP Rule 12(c), Elizabeth Morath would only be entitled to such relief if there are no disputed issues of material fact as set forth in the pleadings. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). The critical component of Plaintiff's cross-motion pertains to Metro's alleged first collection notice dated October 17, 2007. The Defendant's owner, however, disputes that the letter submitted as Exhibit A to Plaintiff's pleadings is a complete copy of Defendant's initial validation notice. (Goldman Decl., ¶ 6). Metro contends that the Plaintiff only produced a portion of the subject letter which did not contain the appropriate FDCPA validation notice language. (Id.). Metro contends that the critical proof is incomplete thereby necessitating further discovery. Accordingly, there is clearly a material issue of disputed fact that warrants denial of Plaintiff's premature motion whether made under FRCP Rule 12(c) or 56. Again, this outstanding discovery would

best be addressed by all the parties in the Western District of New York where all the parties reside and the subject matter of this action arose.

## CONCLUSION

For the aforementioned reasons, Defendant Metro respectfully requests that its motion to transfer venue to the Western District of New York pursuant to 28 U.S.C. § 1406 be granted and that Plaintiff's cross-motion for either judgment under FRCP Rule 12(c) or 56 be denied in its entirety and refiled at a later date in the Western District of New York.

Dated: March 28, 2008
       Rochester, New York

                              /s/: Glenn M. Fjermedal
                              Glenn M. Fjermedal, Esq. (Bar No. 510682)
                              Davidson Fink LLP
                              28 East Main Street, Suite 1700
                              Rochester, New York 14614
                              Telephone: (585) 756-5950

                              Attorneys for Defendant
                              Metropolitan Recovery Services, Inc. d/ba
                              Metropolitan Collection Agency

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH MORATH,

                              Plaintiff,

   -vs-

METROPOLITAN RECOVERY SERVICE, INC.,      Case No. 07-CV-11081
d/b/a METROPOLITAN COLLECTION AGENCY,

                              Defendant.

---

STATE OF NEW YORK)
COUNTY OF MONROE )

### AFFIDAVIT OF SERVICE

I, Gregory J. Gillette, being sworn say:

I am not a party to this action, am over 18 years of age and reside at Rochester, New York. On March 28, 2008, I served the **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO CHANGE VENUE AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT** by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of United States Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name (see attached list):

                                    /s/: Gregory J. Gillette
                                    GREGORY J. GILLETTE

Sworn to before me this
28th day of March, 2008.

/s/: Glenn M. Fjermedal
Notary Public

Amir J. Goldstein, Esq.
591 Broadway, Suite 3A
New York, New York 10012