```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ELIZABETH MORATH,                       :
                         Plaintiff,     :
                                        :     07 Civ. 11081 (DLC)
            -v-                         :
                                        :       MEMORANDUM
METROPOLITAN RECOVERY SERVICES, INC.,   :     OPINION & ORDER
d/b/a METROPOLITAN COLLECTION AGENCY,   :
                         Defendant.     :
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08

Appearances:

For Plaintiff:
Amir J. Goldstein
591 Broadway, Suite 3A
New York, New York 10012

For Defendant:
Glenn M. Fjermedal
Lacy Katzen LLP
130 East Main Street
Rochester, New York 14604

DENISE COTE, District Judge:

Defendant Metropolitan Recovery Services, Inc., d/b/a Metropolitan Collection Agency ("Metropolitan"), moves to transfer this action to the Western District of New York. Plaintiff Elizabeth Morath ("Morath") opposes the motion. For the following reasons, the action is transferred pursuant to 28 U.S.C. § 1406.

BACKGROUND

Morath initiated this action by filing a class action complaint on December 7, 2007. Morath contends that the

defendant is a "debt collector" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6), and that on or about October 17, 2007, Metropolitan mailed her a letter seeking to collect $603.93 that she allegedly owed to one of its clients.  Morath returned the bottom portion of the letter to Metropolitan, alerting the defendant that the debt was in dispute.  Nonetheless, on October 31, Metropolitan sent another letter to Morath, informing her that the debt was due "immediately" and that failure to pay would result in the debt being placed on Morath's "personal credit file" for seven yars.  On November 14, Metropolitan sent a third letter to Morath, reiterating its previous demand and warning.

Morath claims that the letters she received from Metropolitan are form letters, generated and mass-mailed by computer.  In those letters, she claims, Metropolitan failed to furnish required debt validation information, and engaged in false, deceptive and misleading practices in violation of various provisions of the FDCPA, 15 U.S.C. § 1692, et seq.  Morath filed suit, putatively on behalf of all consumers "who received the same form letter[s]" from Metropolitan.  On behalf of the class, she seeks actual damages and statutory damages, costs, and attorney fees.

DISCUSSION

Defendant moves to transfer pursuant to 28 U.S.C. § 1406, which provides in pertinent part that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[1]  Courts have "considerable discretion in deciding whether to transfer a case in the interest of justice."  Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005).  When determining whether transfer pursuant to Section 1406(a) is appropriate, a court may take into account the ultimate goal of the "expeditious and orderly adjudication of cases and controversies on their merits."  Goldlawr, Inc. v. Heinman, 369 U.S. 463, 466-67 (1962).  For class actions, the venue determination is made by reference to the named parties and their claims only.  See United States ex rel. Sero v. Preiser, 506 F.2d 1115, 1129 (2d. Cir. 1974).

The parties do not dispute that the Western District of New York has jurisdiction over the instant action.  Morath lives in Tonawanda, New York, which is located in the Western District of

---

[1] Although defendant cites Federal Rule of Civil Procedure 12(b)(3), which permits a court to dismiss an action for improper venue, defendant seeks transfer, not dismissal, of the instant action.  Indeed, defendant explicitly requests "that this Court transfer this matter to the Western District where it rightfully belongs."

3

New York. The letters from Metropolitan were sent to her at that address. Defendant's sole office is in Rochester, New York, which is also located in the Western District of New York. Ordinarily, courts should defer to a plaintiff's choice of forum. Such choice is entitled to less deference, however, when the forum is "neither the [plaintiff's] home nor the place where the operative facts of the action occurred." Hall v. South Orange, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (citation omitted). Indeed, this action's sole contact with the Southern District of New York is plaintiff's counsel, whose office is in lower Manhattan. This is an insufficient basis on which to lay venue. Finally, plaintiff has not identified any prejudice that she might incur as a result of transfer. Accordingly, the action is therefore transferred to the Western District of New York.

Plaintiff's first objection to transfer is that, as a corporation, Metropolitan is deemed a resident of any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, pursuant to the general venue statute, 28 U.S.C. § 1391(c). This provision concerns personal jurisdiction rather than venue, and thus has little bearing on the instant motion to transfer venue. Second, Morath contends that transfer will not serve the interests of the witnesses and parties because "[t]he violations and issues presented are all

4

contained in a few documents which have been attached to the pleadings. If there is discovery to be taken, same can be done via mail and or [sic] facsimile." Morath's argument presupposes that resolution of this dispute will be quick and simple, but there is no way for the Court, given the action's present posture, to determine whether this will be the case. Given that all the relevant parties reside in the Western District, and all the relevant transactions occurred there, transfer is appropriate.

CONCLUSION

    The Clerk of Court shall transfer this action, including all pending motions, to the Western District of New York.

SO ORDERED:

Dated:    New York, New York
         April 8, 2008

                                        DENISE COTE
                            United States District Judge